UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER J. MAHONE,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT FRANKS,<br><br>Respondent. | Case No. C09-5394RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for January 1, 2010 |

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

## INTRODUCTION

Petitioner, Sylvester Mahone, is in custody of the Washington Department of Corrections' pursuant to a conviction by plea for second degree murder, committed on March 11, 1995. He was released from prison on August 2, 2009, but remains on community supervision until August 2, 2011, when his 24-month community custody term expires.

REPORT AND
RECOMMENDATION - 1

At issue in this case is the imposition of the 24-month term of community supervision. The Petition for Writ of Habeas Corpus, Doc. 4, presents the following four grounds challenging his continued custody:

1. Petitioner claims that he was denied effective assistance of counsel and due process when he agreed to plead guilty with the understanding that the government was not going to seek any community placement, custody or supervision.

2. Petitioner claims that his due process rights were violated when the state trial court failed to advise petitioner of the direct consequences of his guilty plea regarding the community placement term, rendering his plea involuntary.

3. Petitioner claims that his plea is invalid because it was not entered into knowingly, voluntarily or intelligently.

4. Petitioner claims that his due process rights were violated when the state trial court imposed a community placement term of 24 months that exceeded the 178-month maximum end of the applicable standard sentencing range.

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

The federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. See, e.g., Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

REPORT AND
RECOMMENDATION - 3

Before granting relief, the district court must first determine whether the state court decision was erroneous. Van Tran v. Lindsey, 212 F.3d 1143, 1155 (9th Cir. 2000), *cert. denied*, 121 S Ct. 340 (2000). The district court must then determine whether the state court decision involved an unreasonable application of clearly established federal law. Id. The district court may grant habeas relief only if it finds the state court decision was unreasonable. Van Tran, 212 F.3d at 1153; Weighall v. Middle, 215 F.3d 1058, 1063 (9th Cir. 2000).

## DISCUSSION

*A. EXHAUSTION-PETITIONER FAILED TO EXHAUST CLAIMS TWO AND THREE*

As a threshold issue the Court must determine whether or not petitioner has properly presented his federal habeas claims to the state courts. 28 U.S.C. § 2254 (b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).

In order to satisfy this exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Here, the court has reviewed the Petition and Answer, and it finds petitioner has not properly exhausted two of the four claims. Specifically, the court finds petitioner has failed to exhaust his second and third habeas claims, regarding an involuntary guilty plea.

Both the second and third claims presented in the Petition state that Mr. Mahone's right to due process, protected by the Fourteenth Amendment, was violated when he plead guilty without understanding that a term of supervision would be imposed after he served time in prison. Review of the record shows petitioner did not raise this federal claim with the Washington State Supreme Court.

The record indicates petitioner approached the State Court of Appeals on at least two different occasions. Exhibit 3 & 4.[1] Petitioner raised federal due process claims in April 2006, when the petitioner appealed the imposition of the 24-month term of supervision to the Washington State Court of Appeals, and in his counsel's appellate brief, Mr. Mahone argued due process requires that a guilty plea be knowing, voluntary, and intelligent, *citing* Boykin v. Alabama, 395 U.S. 238, 242 (1969). Exhibit 9, at 7. Mr. Mahone also filed a pro se brief with the State Court of Appeals, which included the general argument that the term of supervision violated his federal due process rights. Exhibit 10. Petitioner clearly set forth a federal claim for the Washington State Court of Appeals to consider, and in turn, the state court addressed the merits of the due process issue in its unpublished decision. Exhibit 4.

Significantly, petitioner did not raise his federal due process claim in any brief or argument presented to the Washington Supreme Court. Three different briefs were presented to the Washington State Supreme Court. Exhibits 14, 24, & 25. A careful review of each of those documents fails to reveal any federal claim associated with petitioner's second and third claims. Accordingly, petitioner has failed to provide the state's highest court with a fair opportunity to correct alleged violations of his federal rights related to claim two or claim three.

---

[1] Citation to "Exhibits" in the report refers to Respondent's exhibits which were filed with the court along with the Answer. *See* Doc. 13.

B. *Procedural Bar – Claims Two And Three Are Procedurally Barred*

If it is clear that the petitioner's claims can no longer be presented to the highest state court because they are procedurally barred, the exhaustion requirement is satisfied, but the claims are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.

Washington State has a one-year period of limitation to collaterally attack a conviction or sentence. The law states:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Wash. Rev. Code §10.73.100 (2009). The statute provides six exceptions to this time requirement. Wash. Rev. Code §10.73.100 (2009).

Here, the imposition of the 24-month period of supervision became final on or about October 16, 2007, when the State Court of Appeals issued its mandate on direct appeal of that issue. Exhibit 16. Petitioner has not argued application of any of the statutory exceptions. After reviewing the record, the court fails to find any exception that would prevent application of the state one-year period of limitation. Accordingly, an attempt by Mr. Mahone to return to state court to exhaust claims two and three would be time barred by the state court.

Washington law also prohibits the filing of second or successive collateral challenges, i.e., state personal restraint petitions.

REPORT AND
RECOMMENDATION - 6

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.

Wash. Rev. Code §10.73.140 (2009).

Here, petitioner has previously filed at least one personal restraint petition with the State Court of Appeals challenging the imposition of the 24-month period of supervision. It was denied. Exhibit 3. Significantly, the State Court of Appeals dismissed the collateral attack on procedural grounds, affirming the trial court's finding that Mr. Mahone's CrR 7.8(b) motion for reconsideration was a successive collateral attack based on similar grounds presented in an earlier appeal. Id. at 6-7. Clearly, petitioner would be barred from filing another collateral challenge in state court absent a showing of good cause.

In sum, petitioner's two unexhausted federal habeas claims (claims two and three) are procedurally barred under Washington law, and these claims are not cognizable in a federal habeas corpus petition absent a showing of cause and prejudice or actual innocence.

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986)). "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to the defendant's "actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Alternatively, in an "extraordinary case" the habeas court may grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show that his conviction is the result of a constitutional violation and that he is actually innocent. Murray, 477 U.S. at 495-96.

REPORT AND
RECOMMENDATION - 7

The above standards were explained in respondent's Answer to the petition, however, petitioner has not made in his petition, or in response to the Answer, any argument that the procedural bar doctrine should not be applied to the case. Petitioner has failed to show the required cause for his procedural default at the state level or any actual prejudice, which exists when a petitioner suffers "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). The court notes it would be near impossible for petitioner to show cause and prejudice or an extraneous circumstance that prevented him from raising his claims in a timely filed personal restraint petition when he raised his claims in the Washington Court of Appeals but then abandoned them in the Washington Supreme Court. Furthermore, petitioner has not demonstrated that this is an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, " which would allow the court to review his unexhausted federal habeas claims. Murray v. Carrier, 477 U.S. at 496.

Because of Washington State's statute of limitations and rule prohibiting successive petitions, petitioner will not be able to apply to the Washington State Supreme Court on these two claims. Petitioner has failed to demonstrate cause for the default or that this failure was the result was a fundamental miscarriage of justice. Therefore, this Court recommends that that these two claims be dismissed with prejudice.

C. *PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM (CLAIM ONE) FAILS BECAUSE PETITIONER ENTERED HIS PLEA VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY*

The Sixth Amendment guarantees an effective advocate for each criminal defendant. Wheat v. United States, 486 U.S. 153, 159 (1988) The Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by

REPORT AND
RECOMMENDATION - 8

attorneys appointed by the courts. "[A] defendant may not insist on representation by an attorney he cannot afford." Id.

The specific test to be applied in determining whether petitioner received ineffective assistance of counsel is twofold: petitioner must demonstrate: (1) that counsel's performance was, considering all the circumstances, unreasonable under prevailing professional norms; and (2) that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Both parts need to be established; failure to make the required showing of either defeats the claim. Strickland, 466 U.S. at 700.

Considering the first prong, petitioner must rebut "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that counsel's performance was "sound trial strategy." Id. at 689. The Court must attempt to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. To meet the second Strickland requirement of prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Here, petitioner argues that he was not properly advised by his attorney that his crime was subject to a 24-month community placement term to be served after release from prison. Petitioner consequently claims his guilty plea was not knowing and voluntary. To consider petitioner's argument and in light of the standard of review, the court will first review the state court decision addressing the issue.

Petitioner's claim of ineffective assistance of counsel was addressed by the Washington State Court of Appeals in its decision dated October 14, 2008. Exhibit 3. The Court of Appeals explained that petitioner's claim of ineffective assistance of counsel was technically being raised for the first time, but that it was premised upon his prior claim that his plea was involuntary. Id. at 5-6. Significantly, the state court had previously determined that in his plea agreement form and at his sentencing hearing Mr. Mahone had been properly informed with regard to the imposition of a term of community supervision. Exhibit 4 at 2-3. The state court further explained that when Mr. Mahone failed to object or move to withdraw his plea during sentencing he waived his right to challenge the plea. Id.

After reviewing the record, the undersigned finds the state court's decision and analysis of petitioner's claim of ineffective assistance of counsel has not resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The state court decision did not result in a decision that is based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

As noted above, in order to prevail on an ineffective assistance of counsel claim, petitioner must show that he has been prejudiced by his counsel's performance. Petitioner cannot show or demonstrate any prejudice in this case because the facts support the finding that petitioner's plea was made knowing and intelligently. For instance, it is undisputed that the only reason petitioner is able to make the argument that he did not believe he was required to submit to community supervision is due to the clerical error or inadvertent mistake when the trial judge failed to complete the community placement category on Mr. Mahone's judgment and sentencing form. The mistake does not undermine the equally undisputed fact that Mr.

REPORT AND
RECOMMENDATION - 10

Mahone's plea form reflects that he understood that, "In addition to confinement, the judge will sentence me to community placement for at least one year", (Exhibit 5, petitioner's " Statement of Defendant on Plea of Guilty") and that at the sentencing hearing the trial judge informed Mr. Mahone that a 24-month term of community placement was being imposed, (Exhibit 18). Finally, the state court imposed the 24-month term of supervision because it is required by state statute. *See* Wash. Rev. Code §9.94A.030(45)(a)(iii) (2009). In light of these facts, the state court's decision was reasonable and legally sound.

Due process under the Fifth Amendment requires that a defendant's guilty plea be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A plea of guilty is voluntary "only if it is 'entered by one fully aware of the direct consequences' of his plea." Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), *cert. denied*, 108 S.Ct. 198 (1987)(*quoting* Brady v. United States, 397 U.S. 742, 755 (1970)). As to plea proceedings in particular, the petitioner must show that "the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty." Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004). The defendant must show that "counsel's assistance was not within the range of competence demanded of counsel in criminal cases and that the defendant suffered actual prejudice as a result." Id. at 979-80.

Here, petitioner has not shown he was prejudiced because the written paperwork following sentencing did not include a reference to a 24-month term of supervision. It is undisputed that the trial court informed petitioner that a 24-month term of supervision was

required. Petitioner cannot show any prejudice due to his counsel's performance, and therefore, petitioner's claim of ineffective assistance of counsel should be dismissed.

D. *PETITIONER'S CLAIM (CLAIM FOUR) THAT IMPOSITION OF THE TWO-YEAR TERM OF COMMUNITY SUPERVISION EXCEEDS THE STATUTORY MAXIMUM SENTENCE IN VIOLATION OF HIS DUE PROCESS RIGHTS IS WITHOUT MERIT.*

Petitioner argues that his 178-month prison term and 24-month community custody term together exceed the "statutory maximum" sentencing range of 178 months. Petitioner states he should be able to withdraw his plea because he did not bargain for a 202 month sentence. Petition at 6(h). When he brought this issue to the attention of the Washington State Supreme Court, petitioner argued the imposition of the 24-month term of supervision in addition to the 178-month prison term violated the federal court's decision in Blakely v. Washington, 542 U.S. 296 (2004), which was cited in State v. Evans, 154 Wn.2d 438 (2005). Exhibit 14 at 4.

To the extent that Claim Four is repeating petitioner's argument that his plea is legally invalid, the court must reject this claim as unexhausted and procedurally barred. Moreover, as discussed above, the court finds the Washington State Court of Appeals decision on the issue of the validity of the plea was reasonable and appropriate. Petitioner's plea was made knowingly and intelligently and should not be overturned.

To the extent that Claim Four is based on an argument that the imposition of a 178 month prison term and a 24-month period of supervision is in violation of the Supreme Court's decision in Blakely, the claim must also fail.

First, the court notes that imposition of a state criminal sentence is a matter of interpretation and application of state law; and absent a showing of fundamental unfairness in the proceeding imposing the exceptional sentence, a sentencing claim is not reviewable by this court. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989), *cert. denied*, 110 S.Ct. 344 (1989). In order to establish a due process violation as a result of sentencing, petitioner must establish: (1) that the challenged information is materially false or unreliable; and (2) that the sentencing judge relied, at least in part, on this information. Id.

REPORT AND
RECOMMENDATION - 12

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Blakely, the Court clarified that the relevant "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. Under Blakely a court may impose community placement based "solely on the ... facts reflected in the jury verdict or admitted by the defendant." Blakely, 542, U.S. at 303. As long as the combined total of the period of incarceration imposed and the period of community placement possible does not exceed the statutory maximum for the offense the sentence is lawful, i.e., the sentence will not run afoul of due process concerns discussed in Apprendi or Blakely.

Here, the "statutory maximum" sentence for the charges petitioner faced, second degree murder, is life imprisonment. See RCW 9A.32.050(2); RCW 9A.20.021(1)(a). Petitioner's plea form reflects the possibility of a maximum sentence of life imprisonment. The addition of a 24-month term of community placement to a 178-month sentence did not exceed the statutory maximum sentence permissible.

Petitioner's claim that his term of community supervision violates due process should be denied. The addition of community placement to a sentence does not trigger Apprendi or Blakely because there is no fact finding involved. Rather, state statutory law dictated the 24-month term of community placement. As long as the combined total of the period of incarceration imposed and the period of community placement possible does not exceed the statutory maximum for the offense the sentence is lawful.

//
//
//
//

## CONCLUSION

Based on the foregoing, petitioner's two exhausted claims (Claims One and Four) are without merit and his unexhausted claims (Claims Two and Three) are procedurally barred. This Court recommends that the petition for writ of habeas corpus be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 1, 2010, as noted in the caption.

DATED this 10th day of December, 2009.

J. Richard Creatura
United States Magistrate Judge